OPINION
SMITH, Circuit Judge.
Numerous officers of the Elizabeth City Police Department responded on May 7, 2003, at 3:30 A.M., to a report of an armed carjacking and the kidnapping of one of the vehicle’s passengers. A vehicular chase ensued, which ended when the perpetrator, Eric Gulley, crashed into a cement wall. A foot chase followed into a nearby wooded area. Gulley attempted to hide by lying down in a ditch and covering himself with dirt. Officer Demarco, however, spotted him and called for back-up. Officers Matos, Diaz, and Steinke arrived at the scene. What then transpired is the subject of divergent accounts. The Officers affirmed that Gulley and Demarco were struggling when they arrived on the scene, that Gulley hit Officer Demarco’s face and neck, and that Gulley refused to obey verbal commands. Gulley, however, explained during his deposition that he “just laid” in the ditch once Officer Demar-co spotted him and that the other “three officers jumped on my back and started beating me on my face and my head.” He testified that when one of the officers “was trying to handcuff me. I gave him my right hand. Once I gave him my right hand, I started getting hit upside the head some more.” Gulley denied offering any resistance once he was apprehended. Eventually, Gulley was handcuffed and arrested. Gulley pleaded guilty to certain state criminal offenses.
While imprisoned, Gulley filed a civil action alleging that the Elizabeth City Police Department and certain of its officers who responded to the scene violated his constitutional rights.[1] Although the United States District Court for the District of New Jersey granted summary judgment in favor of the Elizabeth City Police Department and several of its officers, the Court denied the motion for summary judgment on the excessive force claims against Officers Matos, DeMarco, Diaz, and Steinke (hereinafter the Officers). The Court reasoned that, if Gulley’s account was correct, the Officers were not entitled to qualified immunity as it was clearly established that the “beating an unarmed suspect, multiple times on the face and head while he is lying down and not resisting arrest constitutes excessive force.” These appeals followed.
The Officers contend that appellate jurisdiction exists because the denial of their claim for qualified immunity is appealable under the collateral order doctrine. According to the Officers, the District Court erred by denying their claim of qualified immunity because: (1) it improperly relied on the allegations of Gulley’s complaint and an unsworn police report in concluding that there was evidence to establish Gulley’s claim of excessive force against the Officers; and (2) it failed to properly analyze their qualified immunity claim.
In Ziccardi v. City of Philadelphia, 288 F.3d 57 (3d Cir.2002), we acknowledged that the collateral order doctrine allows us, under certain circumstances, to entertain *110 an appeal from an order denying a claim of qualified immunity. Id. at 61 (citing Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). We explained that “we lack jurisdiction to consider whether the district court correctly identified the set of facts that the summary judgment record is sufficient to prove; but we possess jurisdiction to review whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right.” Id. In other words, we have jurisdiction under the collateral order doctrine to consider an appeal from the denial of qualified immunity that raises pure questions of law, but jurisdiction is lacking if the appeal “challenges the District Court’s determination of which facts were sufficiently supported by evidence.” Blaylock v. City of Philadelphia, 504 F.3d 405, 409 (3d Cir.2007).
Consistent with Ziccardi and Blaylock, we conclude that we lack jurisdiction to consider whether the record for summary judgment purposes supports the set of facts identified by the District Court. We do, however, have jurisdiction to consider whether this set of facts, if proven at trial, would constitute a violation of a clearly established constitutional right. After consideration of the facts identified by the District Court, we conclude that the District Court did not err in its determination that beating a suspect on the face and head, who is lying down and not resisting arrest, would constitute excessive force in violation of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394-397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir.1997). Accordingly, we will affirm the order of the District Court denying the Officers’ claim for qualified immunity.[2]

. The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1343.

. We note that, our affirmance of the District Court's judgment does not mean that Gulley has prevailed on his claim of excessive force. We agree with the District Court that Gulley will have to clear a significant hurdle at trial to prevail on his claim in light of the fact that his injuries could be attributed to his collision with the concrete wall and his fall to the ground from the fence as he was fleeing. Although his injuries were minor, the District Court did not err by refusing to dismiss Gulley's claims based on the minor nature of his injuries. As we explained in Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir.1997), the absence of physical injury does not necessarily signify that the force has not been excessive. Rather, it is simply one of the circumstances to be considered under the objective reasonableness standard set forth in Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).